```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
SHAKUR D. COBBS GANNAWAY,             :
                                      : Civil Action No. 12-350 (FSH)
              Plaintiff,              :
                                      :
         v.                           : **MEMORANDUM OPINION**
                                      :
VICTIMS OF CRIME COMPENSATION,        :
 et al.,                              :
                                      :
              Defendants.             : March 6, 2012
                                      :
_____:

APPEARANCES:

Plaintiff pro se
JR6873/D Block 142CRC
SCI Rockview
Box A
Bellefonte, PA 16823

**HOCHBERG**, DISTRICT JUDGE

Plaintiff, a prisoner at SCI Rockview in Bellefonte, Pennsylvania, has submitted a pro se complaint under 42 U.S.C. § 1983 alleging violations of his civil rights. He seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the following reasons, Plaintiff's request to proceed in forma pauperis will be denied.

## BACKGROUND

Plaintiff's Complaint alleges various claims that all appear to be an attempt to re-litigate past claims brought in the District of New Jersey. Plaintiff notes in this Complaint that he previously brought the action of Gannaway v. Newark Housing

Authority, Civil No. 05-360 (FSH), which was dismissed. In that dismissal opinion, it was noted that the majority of claims asserted there had been previously asserted in Gannaway v. Essex County College, Civil No. 03-1333 (WHW). Those claims had been dismissed with prejudice for failure to state a claim or for being time-barred. In addition, in 05-360, Plaintiff had also asserted a claim for medical malpractice which was dismissed along with the other claims as frivolous.

Plaintiff, in the pending matter, appears to be once again attempting to re-litigate those claims which were previously raised and dismissed by the District of New Jersey.

## **DISCUSSION**

Plaintiff seeks to proceed with this action in forma pauperis, pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Dismissals for frivolousness of civil actions or appeals prior to the passage of

the PLRA count as "strikes" under 28 U.S.C. § 1915(g); see also Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that frivolousness dismissals prior to enactment of PLRA count as "strikes" under § 1915(g)).

A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury." Id.  When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

An examination of court records reveals that Plaintiff has filed three previous civil actions in the District of New Jersey, in which in forma pauperis status had been granted and which have all been dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A.  See Gannaway v. McEnroe, Civil No. 00-5183 (JAG); Gannaway v. Essex County College, Civil No. 03-1333 (WHW); Gannaway v. Newark Housing Authority, Civil No. 05-360 (FSH).

Accordingly, Plaintiff has reached the statutory limit as set forth in 28 U.S.C. § 1915(g) and is precluded from seeking in forma pauperis status based on the "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious

3

physical injury," which would excuse him from the restrictions under § 1915(g).

In his Complaint, Plaintiff makes no allegations or claims of "imminent danger." Rather, the certain claims made in the Complaint stem from alleged medical malpractice that occurred over a decade ago. As referenced above, the threat of imminent danger must be prospective and cannot relate to a past incident of harm as alleged here. See Abdul-Akbar, 239 F.3d at 312. Although Plaintiff complains of alleged ongoing complications, he has alleged nothing to indicate that those complications are threatening to cause "imminent danger." Therefore, because the Complaint in this action does not contain sufficient allegations reasonably suggesting that Plaintiff is in "imminent danger of serious physical injury," which would excuse him from the restrictions under § 1915(g), Plaintiff may not proceed in forma pauperis.

This Court makes no findings as to whether or not Defendants have violated any state or federal law, or otherwise violated Plaintiff's constitutional rights. However, this Court finds that Plaintiff has not demonstrated "imminent danger" in order to override the "three strikes" requirement of 1915(g).

## CONCLUSION

Based on the foregoing, Plaintiff's request to proceed in forma pauperis will be denied, pursuant to 28 U.S.C. § 1915(g).

As set forth in the accompanying Order, Plaintiff's case will be administratively terminated.  Plaintiff's request for appointment of counsel is rendered moot by this Court's opinion herein and will be denied.  Upon submission of the filing fee within 30 days, Plaintiff may move to reopen his case, if he so chooses.

s/ Faith S. Hochberg
Faith S. Hochberg
United States District Judge